FILED

2019 JUL -9 PM 2:36

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:19-CV-01247-ORL-41-DCI

CYNTHIA WARREN,
an individual,

      Plaintiff,

vs.

METROPOLITAN LIFE
INSURANCE COMPANY,
a corporation,

      Defendant.

_____/

## COMPLAINT

The Plaintiff, CYNTHIA WARREN, ("Plaintiff" and/or "MS. WARREN") by and through her undersigned attorneys, sues the Defendant, METROPOLITAN LIFE INSURANCE COMPANY, ("Defendant" and/or "MetLife"), and alleges as follows:

### Jurisdiction, Venue & Parties

1. This is a civil action for breach of a long-term disability benefits plan and from violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and specifically 29 U.S.C. §1132(e).

3. Venue is proper pursuant to 28 U.S.C. §1391 and specifically 29 U.S.C. §1132(e)(2), the Defendant may be found in this judicial district.

4. At all times material hereto, MS. WARREN has been a resident and citizen of the State of New York, specifically, Livingston County, New York.

1

5. At the time of her Disability, MS. WARREN was an employee of Kodak Alaris, Inc..

6. At all times material hereto, MS. WARREN was a participant, within the meaning of 29 U.S.C. §1002 (7), in the Plan delivered to Kodak Alaris, Inc., which is insured and underwritten by MetLife, who does business in the State of Florida. A copy of what MetLife purported to Plaintiff during the administrative process to be the Plan is attached hereto as Exhibit A.[1]

7. At all times material hereto, MetLife is incorporated in the State of New York, administered the subject claim out of its Lexington, Kentucky office, and has maintained an office location and can be found in Maitland, Florida.

8. At all times material hereto, MetLife pays claims under the Plan from its own general assets, makes the final determination to pay or deny claims under the Plan, and is a for-profit corporation, and as such operates under an inherent financial conflict of interest in administering claims.

9. Prior to filing this present action, MS. WARREN has fulfilled all conditions precedent, including the exhaustion of administrative remedies and/or the exhaustion of such administrative remedies is excused.

## General Allegations

10. As a participant in the Plan, MS. WARREN is entitled to receive disability benefits under the Plan if she meets the definition(s) of disability.

---

[1] Exhibit A was produced by MetLife to Plaintiff during the administrative claims process. While MetLife contends that Exhibit A is a true and correct copy of the applicable Plan document, Plaintiff is unaware at this time of whether MetLife's assertion is accurate.

2

11. The Plan contains the following provisions relevant to a determination of disability:

> **DISABLED or DISABILITY** means that due to Sickness or as a direct result of accidental injury:
>
> - You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
> - You are unable to earn:
>   - More than 80% of your Predisability Earnings at Your Own Occupation from any Employer in Your Local Economy.
>
> **APPROPRIATE CARE AND TREATMENT** means medical care and treatment that is:
>
> - Given by a Physician whose medical training and clinical specialty are appropriate for treating Your Disability;
> - Consistent in type, frequency and duration of treatment with relevant guidelines of national medical research, health care coverage organizations and government agencies;
> - Consistent with Physician's diagnosis of Your Disability; and
> - Intended to maximize Your medical and functional improvement.
>
> **OWN OCCUPATION** means the essential functions you regularly perform that provide Your primary source of earned income.

12. The Plan provides MS. WARREN with a portion of her pre-disability monthly earnings, less other income she receives from other sources for the same Disability.

13. MS. WARREN's pre-disability occupation was that of a Senior Financial Analyst.

14. On or about August 5, 2016 MS. WARREN became prevented from performing the material duties of her own occupation due to excruciating cervical and lumbar pain as a result of cervical radiculopathy, lumbar radiculopathy, L4-5 disk herniation, multilevel cervical degeneration, and stenosis.

15. Accordingly, MS. WARREN filed a claim for short-term disability with MetLife. MetLife evaluated MS. WARREN'S occupational duties and medical records and determined that due to her constant pain and severe limitations, MS. WARREN was unable to perform the material duties of her Own Occupation and extended Short-Term Disability Benefits for the full Short-Term Disability period, 180 days.

16. Thereafter, MS. WARREN filed a claim for Long-Term Disability benefits under the Plan to which MetLife approved benefits through August 7, 2018.

17. On or about August 8, 2018, MetLife informed MS. WARREN that her claim was terminated.

18. On March 15, 2019 MS. WARREN timely submitted an administrative appeal[2] of MetLife's denial of Long-Term Disability benefits, again providing sufficient information to establish her disability under the terms of the Plan.

19. On or about June 28, 2019, MetLife upheld its decision to terminate MS.WARREN's claim.

20. MetLife has failed and refused to pay benefits to MS. WARREN, despite MS. WARREN's continued Disability under the Plan and her satisfying all conditions precedent to entitle her to payment of disability benefits.

21. MS. WARREN has been forced to retain the services of the undersigned attorneys in order to prosecute this action and is obligated to pay a reasonable attorneys' fee.

## COUNT I

### Action to Recover Plan Benefits, Enforce Rights Under the Plan & Clarify Entitlement to Plan Benefits

---

[2] In a fax dated October 1, 2019, MetLife acknowledged that due to the 7 ½ week delay in getting a copy of the Denial Letter to MS. WARREN, MetLife agrees that the Appeal is timely filed on or before March 27, 2019.

**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**

22. Plaintiff, MS. WARREN, hereby incorporates by reference all of the allegations contained in paragraphs **1 through 21** of this Complaint, as if they were specifically recited herein.

23. Under the terms of the Plan, Defendant, MetLife, agreed to provide MS. WARREN with disability insurance benefits if she became disabled in accordance with the terms and conditions set forth within the Plan.

24. On or about August 5, 2016, MS. WARREN became disabled in accordance with the terms and conditions set forth in the Plan.

25. From July 2018 to date, Defendant, MetLife, has failed and refused to pay MS. WARREN the disability benefits set forth in the Plan.

26. MS. WARREN has satisfied all conditions precedent under the Plan and is thus eligible to receive benefits for she has not waived or otherwise relinquished her entitlement to benefits.

27. Defendant, MetLife's, denial of disability benefits to MS. WARREN was and is contrary to and in breach of the terms of the Plan, and was and is contrary to clear, compelling and substantial medical evidence, vocational evidence, and other evidence and information that supports MS. WARREN's disability claim.

28. MetLife's claim denial is wrong, unreasonable, tainted by conflict, and arbitrary and capricious, as it is contrary to and in breach of the terms of the Plan, and is based on unfair claims handling including: an incomplete review of MS. WARREN's medical evidence, vocational evidence, and other evidence and information that supports her disability claim; a failure to support its conclusions that MS. WARREN was no

longer disabled under the Plan; and reliance on biased, insufficient, and inaccurate reports of hired medical reviewers and/or other hired third parties, and blatant misrepresentations regarding the facts of MS. WARREN'S claim.

29. Accordingly, Plaintiff, MS. WARREN, is entitled to disability benefits since August 2016.

30. Each monthly benefit owed to Plaintiff, MS. WARREN, is a liquidated sum, and became liquidated on the date the payment was due and payable.

31. Accordingly, Plaintiff, MS. WARREN, is entitled to pre-judgment interest on each such payment.

32. Defendant, MetLife's, decisions to deny MS. WARREN's disability benefit claim was influenced by its financial conflict of interest that arises from MetLife paying claims under the Plan from its own general assets while also making the final determination to pay or deny claims under the Plan and being a for-profit corporation, and Defendant, MetLife, has failed to apply the provisions of the Plan consistently with respect to similarly situated Plan participants/claimants.

33. Furthermore, Defendant, MetLife, has failed to afford MS. WARREN a full and fair review and subjected MS. WARREN to an unreasonable claims process according to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

34. As a direct result of Defendant's actions and inactions, MS. WARREN has incurred significant costs and attorney's fees.

35. Accordingly, Plaintiff, MS. WARREN, is entitled to recover reasonable costs and attorneys' fees incurred, pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

WHERFORE, Plaintiff, MS. WARREN, prays that this Honorable Court grant her the following relief:

1) A declaratory judgment herein declaring:

   a. Plaintiff, MS. WARREN, is disabled pursuant to the language and within the meaning of the Plan issued and insured by Defendant, MetLife;

   b. Defendant, MetLife, is obligated to pay disability benefits to Plaintiff, MS. WARREN, pursuant to the Plan and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest thereon;

   c. Plaintiff, MS. WARREN, shall be afforded the return of any and all other employee benefits, and/or the financial relief from any benefits that Plaintiff, MS. WARREN, lost or was forced to bear the costs of as a result of Defendant's, MetLife, claim denial/determination;

   d. Plaintiff, MS. WARREN, shall be entitled to recoup all interest, costs, attorney's fees pursuant to 29 U.S.C. §1132(g)(1); and

   e. Plaintiff, MS. WARREN, may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary;

2) An award to Plaintiff, MS. WARREN, for all benefits due her under the terms of the Plan, due and owing since the denial of disability benefits by Defendant, MetLife, plus interest thereon;

3) An award to Plaintiff, MS. WARREN, of her reasonable costs and attorney's fees pursuant to 29 U.S.C. §1132(g)(1); and

4) Such other and further relief as this Court may deem just and proper.

Respectfully submitted this 8th day of July, 2019.

DI LAW GROUP
Attorneys for Plaintiff
3201 West Commerical Blvd, Suite 227
Fort Lauderdale, Florida 33021
Tel: (954) 989-9000
Fax: (954) 989-9999

*/s/ Alicia Paulino-Grisham*
Alicia Paulino-Grisham, Esq.
Florida Bar No.: 0676926
E-mail: alicia@dilawgroup.com